# THE PEOPLE v. VICE.

An indictment for robbery which fails to allege that the property taken was the property of some person other than the defendant, is fatally defective.

The owner of property is not guilty of robbery in taking it from the person of the possessor, though he may be guilty thereby of another public offense.

Appeal from the Court of Sessions of El Dorado County.

The defendant, Vice, was indicted jointly with one Benthusen for robbery, and was tried separately and convicted.   The indict-ment charges that the defendants, at a certain time and place, " did violently and feloniously take money of the following descrip-tion and value, to wit: three twenty dollar gold pieces, one five

dollar gold piece, one two and one-half dollar gold piece, and three half dollars of silver coin, all of said pieces being of the coin of the United States of America, and of the value altogether of sixty-nine dollars, from the person of another, to wit: from the person of Jesse A. Bandy, by force, threats, and intimidations, and against the will of the said Jesse A. Bandy, contrary to the form of the statute," etc.   The indictment was not demurred to, but after the trial and verdict of guilty a motion in arrest of judgment was made on the ground that the indictment did not charge that the property taken was not the property of the defendant, or was the property of any person other than the defendant.   The motion was overruled and defendant sentenced to one year's imprisonment.

Defendant appeals.

*M. C. Callum & Eastman*, for Appellant.

*Attorney-General*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The indictment in this case is for the offense of robbery, but in the statement of facts constituting the offense there is a fatal defect. The statement contains no allegation as to the ownership of the property of which the party named was robbed, or that it did not belong to the defendant. It is not necessary that the property should belong to the party from whose possession it was forcibly taken.   It is requisite, however, that it should belong to some other person than the defendant.   The owner of property is not guilty of robbery in taking it from the person of the possessor, though he may be guilty of another public offense.

Judgment reversed and cause remanded.