[No. 10,537.—Department Two.]

## THE PEOPLE *v.* JOHN NELSON ET AL.

INFORMATION—ROBBERY—LARCENY—CRIMINAL LAW.—The information in this case, cited in the opinion, *held* to be sufficient.

ID.—ID.—ID.—ID.—An indictment or information for robbery must aver every fact necessary to constitute larceny, and more; and, therefore, a defendant under indictment on information for robbery may be convicted of larceny.

ID.—ID.—ID.—ID.—INSTRUCTIONS.—The charge of the Court in a criminal case must be taken together; and if, without straining any portion of the language, it harmonizes as a whole, and fairly and correctly presents the law bearing on the issues tried, the judgment will not be disturbed because a separate instruction does not contain all the conditions and limitations which are to be gathered from the entire text.

ID.—ID.—ID.—ID.—PRESUMPTION.—Upon the trial of an information for robbery or larceny, proof that the property alleged to have been stolen was taken from the person of another, without any claim of right upon the part of the defendant, is sufficient proof of ownership.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of Colusa County. HATCH, J.

*Jackson Hatch,* for Appellant.

*The Attorney-General,* for Respondent.

MORRISON, C. J.:

On the 30th day of April, 1880, an information was filed in the Superior Court of Colusa County, by the District Attorney

of that county, charging the defendants with the crime of robbery. The accusation is: "That the said John Nelson and John Sherwood, on the 21st day of March, 1880, at and in the County of Colusa and State of California, in and upon one Ah Chung an assault did make, and thereby did place him, the said Ah Chung, in bodily fear and danger of his life, and did then and there feloniously and unlawfully take from the said Ah Chung seven dollars in gold and silver coin of the United States of America, of the value of seven dollars in United States gold coin of America, and more minutely and particularly described as follows: One five-dollar gold piece of money of the value of five dollars in United States gold and silver coin, bearing the imprint upon one side an American eagle, and upon the other side of said coin a head of the Goddess of Liberty; the date of the coinage of said gold piece is unknown to your informer. Also four half-dollar pieces in silver coin of the United States of America, each of said pieces of silver bearing the imprint upon one side an American eagle, and upon the other side the Goddess of Liberty; the date of coinage of said pieces is unknown to your informer. The said four pieces of silver is of the value of two dollars in gold and silver coin of the United States. All of which money was then and there in the possession of Ah Chung, and was then and there the property, goods, and chattels of the said Ah Chung. And the said John Nelson and the said John Sherwood did then and there take from the person and against the will of the said Ah Chung, the money aforesaid, unlawfully, willfully, violently, and forcibly, and did then and there, unlawfully, willfully, feloniously, and forcibly, steal, take, and carry away, all of said pieces of money, contrary to the form, force, and effect of the statute," etc.

The defendants were tried upon the foregoing information, were found guilty of grand larceny, and were sentenced to imprisonment for the term of two years.

To the foregoing information a demurrer was filed on behalf of the defendants, which was overruled. In our opinion the information is good, both in form and substance, and therefore the Court committed no error in overruling the demurrer thereto.

The bill of exceptions shows that the following was the evidence in the case:

"Thereupon the following named witnesses were called, sworn, and examined on the part of the prosecution: Ah Chung, D. W. Wood, Charles Leaven, E. Flagg, and W. H. Brisfield.

"Their evidence tended to establish the following facts: That on the morning of March 21st, 1880, Ah Chung, a Chinaman, was walking to Colusa in the public highway; that when he started for Colusa he had in his pocket seven dollars—five dollars in one five-dollar piece, and two dollars in four silver half-dollar pieces; that when on the road within a mile or two from Colusa, in Colusa County, California, defendants stopped him—one of the defendants having a long, dangerous-looking gun; that the defendant having the gun aimed it at Ah Chung, while the other defendant went up to Ah Chung and demanded money, and finally took the money above described from the person of Ah Chung, and then he with the other defendant ran away to the brush with the money.          *          *          *          *

"The stolen money was not produced in Court, and there was no evidence introduced tending to show that said five-dollar piece bore upon one side the imprint of the American eagle, and upon the other the head of the Goddess of Liberty, nor was any evidence introduced tending to show that the four silver half-dollar pieces each bore upon one side the imprint of the American eagle, and upon the other the head of the Goddess of Liberty. *It was admitted by the defendants that the amount stolen was seven dollars gold and silver coin of the United States*, and that the five-dollar piece was worth five dollars, and the two dollars in silver were worth two dollars."

This was all the evidence introduced in the case, and "counsel for defendants thereupon moved the Court to advise the jury to acquit defendants, upon the grounds that the five-dollar gold piece taken by defendants from Ah Chung, at the time and place named in the information, was not proven to have borne upon it the imprint upon one side of an American eagle, and upon the other side a head of the Goddess of Liberty; and that each piece of silver taken by the defendants from Ah Chung at the same time and place, is not proven to have borne upon it the imprint, upon one side an American eagle, and upon the other side a head of the Goddess of Liberty; and upon the general ground that the proof in the case did not conform to

and support the description of the money alleged to have been taken by the defendants from Ah Chung." The motion was denied by the Court, and an exception was duly taken.

There can be no doubt that the evidence abundantly proved a case of larceny, and we will, with much regret, reverse the judgment, if a sense of duty impels us to that course.

The defendants were not convicted of robbery, and therefore that crime may be eliminated from the case. It was competent, under the information, for the jury to convict of larceny ; and when the property is taken from the person of another, the offense is grand larceny, irrespective of the amount taken. (Penal Code, § 487.)

" Robbery is larceny, committed by violence, from the person of another. The indictment for robbery charges a larceny— together with the aggravating matter which makes it, in the particular case, robbery." (2 Bishop's Cr. Law, 1, 158.) In the Penal Code, § 484, larceny is defined : " The felonious * * taking * * the property of another." And § 211 of the same Code declares : " Robbery is the felonious taking of personal property in the possession of another, *from his person or immediate presence*, and against his will, accomplished by means of force or fear."

" It is obvious, from the foregoing definitions, that an indictment for robbery must aver every fact necessary to constitute larceny, and more. The jury may find a defendant guilty of any offense, the commission of which is necessarily included in that which is charged in the indictment." (Pen. Code, § 1159; *People* v. *Jones*, 53 Cal. 58.)

It was not necessary under the Code, to justify a verdict of guilty of larceny, that the prosecution should have proved that the money taken answered the description contained in the information. Section 1131 of the Penal Code is as follows :

" Upon a trial for larceny or embezzlement of money, bank-notes, certificates of stock, or valuable securities, the allegation of the indictment, so far as regards the description of the property, is sustained, if the offender be proved to have embezzled or stolen *any money*, bank-notes, certificates of stock, or valuable security, although the particular species of coin or other money, etc., be not proved."

This section clearly dispensed with strict proof of the character of the money stolen. And the admission made by the defendants at the trial, "that the amount stolen was seven dollars, gold and silver coin of the United States, and that the five-dollar piece was worth five dollars, and the two dollars in silver were worth two dollars," was all the evidence required of the prosecution on that branch of the case.

It only remains for us now to consider the instructions given and refused on the trial.

It is claimed, on behalf of the appellants, that the Court below erroneously instructed the jury in its definition of the crime of larceny, because such instruction "wholly ignores the question of ownership of the property taken. For aught that appears from the instruction, the money taken by the defendants might have been their own."

The instruction is: "That if the jury believe, from the evidence in the case, that the defendants did, at the time and place as charged, take from the person of Ah Chung, the prosecuting witness, one five-dollar gold coin of the United States, and four half-dollars, silver coins of the United States, or any part thereof, with the intent then and there to deprive the said Ah Chung thereof, and to appropriate the said money or coins to their own use, then the jury may find the defendants guilty of grand larceny."

This instruction may not be strictly accurate, but its defects are cured by the following instruction, which contains a correct exposition of the law: "That the jury can find the defendants guilty of grand larceny, if they feloniously took from the prosecuting witness the money charged in the information—the five-dollar gold piece and the four half-dollar silver pieces."

In the case of *People* v. *Doyell*, 48 Cal. 930, the Court says: "We must take the charge together, and if, without straining any portion of the language, it harmonizes as a whole, and fairly and correctly presents the law bearing on the issues tried, we will not disturb the judgment, because a separate instruction does not contain all the conditions and limitations which are to be gathered from the entire text." And in the case of *People* v. *Dennis*, 39 Cal. 636, the Court says: "This language, taken by itself, without qualification, is doubtless obnoxious to

the objections urged by counsel; but with the qualifications contained in subsequent portions of the instructions given in the same connection, at the request of the prosecution, and the first and eighth instructions, given by the Court at the request of defendant as. applicable to justifiable homicide, we are satisfied defendant was not prejudiced thereby." " That a technical error has intervened at the trial is not of itself enough to warrant our interference. The prisoners must go further, and affirmatively show, in some way, that their substantial rights have been injuriously affected by the error complained of." (*People* v. *Brotherton*, 47 Cal. 404.)

We are at a loss to discover in what manner the rights of the defendants in this case could have been affected by the alleged error in the charge of the Court. The evidence was clear and convincing, and left no doubt upon the question of the defendants' guilt of the crime of grand larceny. But were the instructions of the Court obnoxious to the objection presented by the learned counsel for the appellants? It is said that they " misled the jury, and wholly ignored the question of the ownership of the property taken. The money might have belonged to the defendants." There was no question on the trial as to the ownership of the money. It was not pretended that it belonged to the defendants, or to any other person than Ah Chung. The money was in the possession of Ah Chung, and was taken from his person by the defendants. Therefore, it was presumptively his property, and that was sufficient proof of ownership. " If A steal goods from B, and C afterward steal the same goods from A, C is a felon both as to A and B." (*Ward* v. *The People*, 3 Hill, 398; *Same* v. *Same*, 6 id. 146.)

" Proof that the person alleged to be the owner had a special property, or that he held it to do some act upon it, or for the purpose of carriage, or in trust for the benefit of another, would be sufficient to support the allegation in the indictment." (*State* v. *Somerville*, 21 Me. 18. See also *Yates* v. *The State*, 10 Yerg. 549; *Owen* v. *The State*, 6 Humph. 330; 2 Bishop on Crim. Proc., note to § 683.)

What we have already said is a sufficient answer to the questions involved in the refusal of the Court to give the instruc-

tions asked on behalf of the defendants. We find no substantial error in the proceedings of the Court below, and, therefore, must affirm the judgment and order appealed from. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.