[In Bank. — January 9, 1883.]

| | 63   19 |
| | 138  623 |

THE PEOPLE, RESPONDENT, *v.* VICENTE GARCIA, APPELLANT.

EVIDENCE — DYING DECLARATION. — It is not necessary that each witness testifying to a dying declaration should definitely fix the belief of the person making the declaration that death was imminent. The sense of impending death may be shown by one witness, and the declaration proved by another.

ID. — STATEMENTS BY ACCOMPLICE. — Statements made by an accomplice to an arresting officer, respecting the knife with which the murder was committed, are admissible, notwithstanding the defendant on trial was not immediately connected therewith.

APPEAL from a judgment of the Superior Court of Ventura County.

The defendants, Romualdo Olivas and Cirildo de Jesus Soso, were jointly informed against for the murder of Estanislaus. The defendants demanded a separate trial, and Olivas was found guilty and sentenced to imprisonment for life. The information against Soso was dismissed, and he was made a witness for the prosecution, and the defendant Garcia was convicted and sentenced to be hanged.

At the trial of the defendant the court admitted the testimony of S. M. W. Easley, under sheriff, as to statements made to him by Olivas at the time of his arrest as follows: "That he (Olivas) had lost his knife some weeks before, and that when he came into town Mrs. Chewanos brought this knife (a large bowie) and gave it to him, and he did not know how the blood stains came on there."

Easley then told Olivas that Soso had told them all about the killing, and that Garcia had done the killing, and that Soso and Olivas were present. Olivas then said: "He went to bed that night (the night of the murder) at Chewanos' house, and the next morning when he got up Soso brought this knife, and gave it to him bloody."

The remaining facts are stated in the opinion of the court.

*Hall & English, Bledsoe & McKeeby,* and *A. A. Oglesby,* for Appellant.

*A. L. Hart,* Attorney-General, and *J. M. Brooks,* District Attorney, for Respondent.

PER CURIAM. The objection that it does not appear that the declaration of the deceased as to the person who inflicted the wound was made under a sense and belief of impending death, is not well taken. At least one witness testified that he stated, before any declaration regarding the infliction of the wound, that he would die; it is not necessary that each witness testifying to the declaration shall also by his testimony definitely fix the belief of the person making the declaration; the sense of impending death may be shown by one witness, and the declaration proved by another. The statement made to the witness Elmore, " In case you turn me I will die," taken with the other testimony, does not tend to show a hope or expectation of recovery.

We see no error in the ruling as to the evidence of the witness Easley prejudical to the defendant.

Judgment affirmed.

McKINSTRY, J., and Ross, J., dissent. We think the testimony of *Easley* as to statements of *Olivas* was clearly inadmissible.

SHARPSTEIN, J., did not participate.