[Crim. No. 666. Department One.—December 18, 1900.]

THE PEOPLE, Respondent, v. GEORGE WARREN, Appellant.

CRIMINAL LAW—GRAND LARCENY—INDICTMENT—DESCRIPTION OF STOLEN PROPERTY—CERTAINTY.—In an indictment for grand larceny, the description of the property stolen as "four calves, then and there the personal property of Anton Luchessa," is sufficiently certain.

ID.—CONTINUANCE— INTOXICATION OF COUNSEL—CONTEMPT OF COURT—PREPARATION OF OTHER COUNSEL—DISCRETION.—The counsel for the defendant cannot, by becoming intoxicated, and incurring a penalty for contempt, after impanelment of the jury, give to the defendant the right to an indefinite continuance of the case. It is in the discretion of the court to allow newly appointed associate counsel a reasonable time for preparation and to refuse a continuance; and where its action was not arbitrary, its discretion will not be interfered with upon appeal.

ID.—TRIAL—CALL OF JURY FOR TESTIMONY—VERDICT BEFORE TIME FIXED FOR READING—DISCRETION OF COURT.—Upon the request of the jury, while considering the cause, made to the court at 11 o'clock P. M., for the reading of the testimony of a witness for the defendant, which it would require two hours to read, the court did not abuse its discretion by fixing 9 o'clock of the next morning as the time for such reading, and adjourning court until that time; and where the jury, a few moments before the time fixed for the reading, announced their verdict of guilty, and adhered thereto after being polled, the court had discretion to receive their verdict, without the reading of the testimony called for.

ID.—AIDING AND ABETTING CRIME—INSTRUCTIONS—CASE OF ERROR.—It is error to instruct the jury that one who aids or abets in the commission of a crime may be punished as a principal; but such error is cured by clear and explicit instructions that "all persons who aid and abet in the commission of a crime are principals," and that "in every crime there must exist a union or joint operation of act and intent, or criminal negligence." Under such instructions the jury could not be misled to believe that one who innocently aids in the commission of a crime may be found guilty.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The description of the property stolen was as stated in the first syllabus. Further facts are stated in the opinion.

Graves & Graves, Louis Lamy, and Charles A. Palmer, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—Defendant was jointly indicted with one J. A. Warren, Jr., for grand larceny, and convicted. This appeal is from the judgment and an order denying a new trial. It is conceded that the evidence is sufficient to sustain the verdict.

Defendant contends that the indictment did not describe the property alleged to have been stolen with sufficient certainty. The description has been held sufficient in *People v. Warren, post*, p. 683, and upon the authority of that case the point is settled. Error is assigned in the refusal of the court to continue the case, during the trial, for the purpose of allowing defendant to employ other counsel. The facts, as shown in the record, are as follows: The trial commenced on Monday, April 2, 1900, and a jury was impaneled. At 1:30 P. M. of April 3d, at the opening of the afternoon session, Ernest Graves, who had up to that time been defendant's sole attorney, came into court in an intoxicated condition, and, after some time taken up in attempt to proceed with the trial, it became apparent to the judge presiding that the defendant's attorney was so much under the influence of liquor that the business of the court could not proceed in regular order. The court thereupon admonished counsel, stating that counsel was evidently not in a condition to proceed with the trial, and, while the court was so speaking, counsel interrupted in an insolent and impudent manner, saying: "The allegations of the court are false." Thereupon the court fined the attorney fifty dollars for contempt of court, but suspended the execution of the fine until the conclusion of the trial, expressly stating that it was not the intention of the court to stop the proceedings of the trial. The court thereupon admonished the jury and adjourned until 3 o'clock P. M. of the same day. Just as the judge rose to leave the bench, the attorney, in a loud, violent, and offen-

sive manner, applied to the judge an insulting epithet. The court then ordered the attorney into custody of the sheriff and made an order for him to show cause on the following day, April 4th, at 9 o'clock A. M., why he should not be punished for contempt. The case was then continued until April 4th, at 9 o'clock A. M., at which time the court imposed a further fine upon the attorney, and made an order committing him to jail for five days. The court thereupon sent for William Graves, the partner of Ernest Graves, who had been sent to jail, and appointed said William Graves as counsel for defendant. The said William Graves requested time to investigate the facts of the case, and the court thereupon continued the case until 1:30 P. M., and directed the reporter to read to said William Graves, if desired, all the proceedings in the case. Upon the calling of court at 1:30 P. M. William Graves made a motion for a continuance, upon his own affidavit and the affidavit of defendant, in which it was stated that William Graves was not familiar with the facts of the case, and could not safely proceed, and that he was pressed with other professional engagements. The court, after the motion for a continuance was argued and considered, remarked: "I would wish very much to be able to give the defendant an adjournment for some time if it were not for the fact that the jury has been impaneled and that there are a large number of witnesses here in attendance, and we are in the midst of the trial. Mr. Graves has pleaded other engagements—Mr. William Graves. I will not set aside the order I made yesterday. I will still let you stand as attorney of record, and I will appoint Mr. Palmer —Charles Palmer—as additional counsel for defendant. I will let this case stand over until to-morrow at half-past one P. M., at which time the defendant will be prepared to proceed. Mr. Reporter, you will read for the counsel any of the testimony that has been taken in the proceeding, that they may be fully advised of the proceedings to date, whenever they desire it, between now and 1:30 P. M. to-morrow." April 5th, at 1:30 P. M., Louis Lamy, an attorney at law, appeared at the request of William Graves, and with said Palmer acted as attorney for defendant. The said attorneys, Lamy and Palmer, renewed the motion for a continuance, which the court denied and ordered

the trial to proceed.  The trial then proceeded, witnesses were examined, and on April 9th, after serving out his five days, Ernest Graves appeared in court and assisted the said Lamy and Palmer in the defense.  The trial was completed on April 11th, and the case argued to the jury, and Ernest Graves took part in the argument.

We do not think the court erred in refusing to further continue the case.  Motions of this kind rest much in the discretion of the court below, and it is only in cases of arbitrary action or abuse of discretion that we would be justified in interfering with the order of the court.  In this case the court did not act arbitrarily, but proceeded with care and a constant regard for the rights of defendant.  Several adjournments were granted to give counsel time to prepare for trial and to become familiar with the case.  While the rights of a defendant should always be carefully guarded, so that his defense may be fully presented, at the same time the public interest and business must be conducted in an orderly manner.  Here a jury had been impaneled and the trial had progressed to the afternoon of the second day.  Witnesses were in attendance and the case taking its regular course.  The counsel could not, by becoming intoxicated or incurring the penalty of contempt, give the defendant the right to an indefinite postponement of the case. All the defendant could require, as a matter of right, would be a reasonable time to have other counsel become familiar with the facts of the case.  This time was granted by the court, and, under the circumstances, appears to have been amply sufficient.  The court must have discretion in such cases.  (*People v. Goldenson*, 76 Cal. 341.)

It is claimed that the court erred in not ordering the testimony of J. A. Warren, Sr., read to the jury.  The case had been submitted to the jury about three hours, when they came into court after 11 o'clock P. M. and asked to have the testimony of said Warren read.  The judge then asked the reporter how long it would take to read the testimony, and was informed that it would take about two hours, as there was about three hundred pages of it.  The judge then announced to the jury in the presence of counsel that owing to the lateness of the hour it would be necessary to adjourn until the next day at 9

o'clock A. M., when the testimony would be read. No objection or exception was then made, and the jury retired and court adjourned. A few minutes before 9 o'clock the next morning the jury came into court and announced that they had agreed upon a verdict. Counsel then objected to the verdict being received because the testimony called for by the jury had not been read. The judge remarked that the jury had found a verdict without having such testimony read, and that he knew of no course except to receive it, and that the jury might be polled, and if any juror desired to express himself he might do so. The jury were polled and all answered that it was their verdict. The court did not deny the right of defendant to have the testimony read. Neither was it an abuse of discretion to adjourn court till the following day for such purpose. The court would not be required to remain in session all night for the purpose of having testimony read to the jury. The court erred in giving to the jury the instruction to the effect that all persons who aid or abet in the commission of a crime, though not present, shall be prosecuted and punished as principals (*People v. Warren, post,* p. 683); but the error was cured, as in that case, by a direct and clear statement of the law in other parts of the charge. The jury were elsewhere told that all persons who "aid and abet in the commission of a crime are principals," and "in every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence." In such case we cannot believe that the jury understood that a person who innocently aids in the commission of an offense may be found guilty. The jury, if possessed of common sense, could not have given the word "aid" its extremely narrow and literal sense.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.