[Crim. No. 954. In Bank.—March 13, 1903.]

## THE PEOPLE, Respondent, v. GEORGE C. MORINE, Appellant.

CRIMINAL LAW—HOMICIDE—AIDING AND ABETTING—SUPPORT OF VERDICT.—Upon the trial of a defendant convicted of manslaughter, where the evidence shows that the fatal wound was not inflicted by the defendant, but shows that he participated in the encounter, and actually aided and abetted a co-defendant in the killing of the deceased, the evidence is sufficient to justify the verdict.

ID.—EVIDENCE OF INDIANS—INTERPRETER—DISCRETION.—The allowance of an interpreter for Indians who claimed to be unable to speak English was within the discretion of the court, and where the record shows that such discretion was properly exercised, it will not be. disturbed upon appeal.

ID.—USE OF AX AND KNIFE—EVIDENCE NOT PREJUDICIAL.—Where it is undisputed that the defendant struck the deceased with an ax upon the forehead, knocking him down, and while he was so prostrated, his co-defendant inflicted upon him a knife-wound of which he died, the testimony of a witness that the day after the homicide such co-defendant purchased a pocket-knife at his store, and the testimony of expert witnesses to prove that the wound upon the forehead was made with an ax, cannot prejudice the defendant.

ID.—INSTRUCTIONS—DISJUNCTIVE WORDS—CURE OF ERROR.—It is erroneous to use the conjunctive words ''aiding and abetting'' in the disjunctive form of ''aiding *or* abetting'' in an instruction, but such error is cured by other instructions showing clearly that the word ''aid'' was not used in its narrow and literal sense, and when the instruction, as applied to the evidence, could not have been misunderstood or misapplied by the jury.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial. R. W. Crump, Judge.

The facts are stated in the opinion of the court.

T. J. Sheridan, for Appellant.

U. S. Webb, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

LORIGAN, J.—Appellant Morine and one Smaker were jointly charged with the murder of Frank Deutche.

The appellant was tried separately, convicted of man-slaughter, sentenced to ten years' imprisonment, and appeals from the judgment and an order overruling his motion for a new trial.

Upon the trial he offered no evidence in his own behalf, and the facts as established by the prosecution show that the defendants, on the evening of July 14, 1901, drove to an Indian rancheria in Lake County, where the deceased and a number of Indians resided. They took with them a keg of wine and distributed its contents to the Indians, who became drunk. After getting them drunk the defendants attempted to assault two of the women, when a young man interfered and was slightly wounded with a knife by the defendant, Smaker. The deceased also intervened, and he and Smaker grappled. While they were struggling, the appellant, Morine, went out and got an ax, with which he struck the deceased a severe blow on the forehead, knocking him down, and while he was so prostrate Smaker inflicted upon him the knife-wound from which he died. It is claimed that the evidence is insufficient to justify the verdict.

This point counsel does not particularly press, and expressly declines to discuss in his brief, so we are not afforded the benefit of his views on the subject.

Our own examination satisfies us that there is no merit in it.

While the evidence shows that the fatal wound was not inflicted by appellant, still it does show that he participated in the encounter between his co-defendant and the deceased, and actually aided and abetted the former in the conflict in which deceased was killed.

The evidence thus brought him clearly within the law (Pen. Code, sec. 31) which provides that "all persons concerned in the commission of a crime, . . . whether they directly commit the act . . . or aid and abet in its commission, are principals in any crime so committed," and being so brought in, the verdict of the jury was proper.

It is further contended by appellant that error was committed by the lower court in permitting certain witnesses to testify, over his objection, through an interpreter.

These witnesses were Indians, who claimed to be unable to talk English. The court concluded upon examination that

their claim was true, and permitted them to testify through an interpreter.

Upon application for the appointment of an interpreter the court, under section 1884 of the Code of Civil Procedure, is vested with discretion in determining whether it should be granted or not, and an examination of the record in this behalf shows that it was properly exercised.

It is next insisted that the court erred in the admission of testimony over appellant's objections. One Leon Frank, a witness on the part of the people, testified to the *fact* that the day after the homicide Smaker purchased at his store a pocket-knife. Some other witnesses were permitted to testify whether in their opinion the wound on the forehead of deceased could have been inflicted with an ax. It is upon the admission of this testimony that the alleged errors are predicated.

As to the testimony of the witness Frank, if it was not admissible under the authority of *People* v. *Garcia,* 63 Cal. 19, yet its admission was harmless error.

While it is not very clear why the evidence was offered at all, it may be assumed, as the only reasonable explanation, that it was for the purpose of inferentially proving that the knife with which deceased was killed belonged to Smaker, because the next day he purchased another. Not clearly a logical inference, but one which could not injure the defendant, even if the jury made it, because there never was any conflict or dispute in the evidence as to Smaker inflicting the fatal wound with the knife. Not only this, but the knife with which the blow was inflicted was produced on the trial and identified as Smaker's, and the testimony of the physician shows that when he made the autopsy on the body of the deceased he found in the wound a piece of broken knife-blade that fitted the broken blade in the knife identified as the one proven to have been Smaker's and in his possession on the night of the homicide. All this evidence was before the jury when the witness Frank testified, and at no stage of the case was it contradicted.

Under these circumstances it cannot be said that the admission of Frank's testimony was prejudicial error, when the apparent purpose of its introduction was to possibly raise an illogical inference to support an undisputed fact.

The same may be said of the testimony of the witnesses

offered as experts upon the character of the wound on decedent's forehead. Their testimony did him no harm. They were all witnesses who had seen the wound on the forehead (there was but one), and they were called to describe it. They did so, and were then severally asked whether in their judgment such a wound "might have been made with the back of an ax," or "did it have the appearance of being cut with a knife?" Only one of these witnesses gave a positive answer—the witness Poeschel—who answered that the wound could have been inflicted with an ax. This witness seems to have qualified himself in a general way to speak on the subject, having stated that he had had some experience with ax-wounds. He was not cross-examined as to the extent of his experience, appellant contenting himself with the objection on the ground that the witness was not qualified. He might have tested the witness by cross-examination as to his ability to express an opinion on the subject, and having failed to do so we cannot say, in the face of the witness's statement of his experience, that the court erred in overruling the objection. As to the other witnesses on this subject, their answers were at most doubtful, vague, and unsatisfactory, and in the main seemed to have been as much directed to a description of the character of the wound, as to an opinion of the possible means of its production.

We do not think the answers, even if they could be construed as tending to express an opinion, can avail the defendant as prejudicial error. The evidence in the case, when these witnesses testified, showed that the wound in dispute had been inflicted by defendant with an ax, and at no time was there any evidence introduced to the contrary.

Error is also assigned because the trial court refused to give an instruction proposed by defendant to the effect that the jury should distrust the whole testimony of any witness who had willfully deceived the court as to her ability to speak English, and thereby caused the court to direct that her testimony be given through an interpreter.

The record disclosed no evidence upon which such an instruction could be predicated, and hence was properly refused.

The court instructed the jury that, "If you believe from the evidence, beyond a reasonable doubt, that the defendant George Collier Morine killed or aided or abetted Jack Smaker

in the killing of Frank Deutche, as charged in the indictment, and that such killing was done without malice aforethought, but upon a sudden quarrel or heat of passion, or in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution or circumspection, then your verdict should be guilty of manslaughter,'' —and this instruction is claimed to be erroneous.

In his brief, counsel for appellant does not point out wherein he deems this instruction erroneous, but contents himself with assigning the point and citing *People* v. *Dole,* 122 Cal. 486,[1] as authority.

In the case cited this court held it to be error in giving an instruction to use the conjunctive words ''aided and abetted'' (Pen. Code, sec. 31), in the disjunctive, as ''aided or abetted.'' This must be the point to which counsel directs our attention in that case, because it being a prosecution for forgery could not otherwise apply.

It may be said in passing that the same ruling was made in *People* v. *Warren,* 130 Cal. 682, which was a prosecution for grand larceny. In both cases it was held that the giving of such an instruction in the disjunctive was error.

In discussing the vice of such an instruction this court in the Dole case says (and the reasoning was applied in the Warren case—the one forgery, the other grand larceny): ''A person may aid in the commission of an offense by doing innocently some act essential to its accomplishment, and this is especially true in regard to the crime of forgery, for he may pass the forged instrument without knowing that it is forged. The word 'aid' does not imply guilty knowledge or felonious intent, whereas the definition of the word 'abet' includes knowledge of the wrongful purpose of the perpetrator and counsel and encouragement in the crime.''

In both these cases, however, the benefit of the ruling was denied to the defendant, because the court found that other instructions had been given in each case which cured the error.

By parity of reasoning, if the giving of the instruction under review in the case at bar was error, it appears that it was also cured by other instructions given in the case.

---

[1] 68 Am. St. Rep. 50.

The lower court, as is usual in cases where the crime charged. is murder, instructed the jury at length upon all matters involved in the alleged commission of the offense, and as to all offenses embraced within the indictment. The court also gave particular instructions as to what constituted manslaughter, malice, guilty intent, and that there must exist a union or joint operation of act and intent or criminal negligence to constitute crime. With these instructions to guide them it may be said, as was said in *People* v. *Warren,* 130 Cal. 682: "In such case we cannot believe that the jury understood that a person who innocently aids in the commission of an offense may be found guilty. The jury,. if possessed of common sense, could not have given the word 'aid' its extremely narrow and literal sense." In *People* v. *Dole,* 122 Cal. 486,[1] and doubtless in the Warren case, there was evidence on the part of the defendants tending to show innocent connection with the offenses charged, and for that reason the giving of such an instruction in the face of such evidence would constitute error, but no such reason can be applied here. There was no pretense of "aid" given innocently, and the jury could not, in the light of the evidence, have misunderstood or misapplied the meaning of the word. Instructions are given to juries to be applied to the facts as they may find them. They should be pertinent and limited to such facts, and when their accuracy is challenged they should be construed with reference to the facts to which they were addressed, and not considered as abstract propositions of law to determine whether conditions may not exist when their giving would be erroneous.

In leaving this branch of the case, it may be suggested that the record shows that the lower court in two instructions immediately preceding the one challenged used the words "aid and abet" properly in the conjunctive, and, as no reason appears why in the next instruction it should have departed from the proper legal formula, we are inclined to think that the disjunctive "or" is a misprint.

Be that as it may, we have disposed of the point on the assumption that the instruction is correctly set forth in the record.

There is but one other error specified. This is not pressed or discussed in appellant's brief, and is so obviously without

[1] 68 Am. St. Rep. 50.

merit that we dismiss it, as he did, without further comment. For the foregoing reasons the judgment and order are affirmed.

McFarland, J., Angellotti, J., Van Dyke, J., and Shaw, J., concurred.