[Crim. No. 732. Second Appellate District, Division One.—November 30, 1920.]

THE PEOPLE, Respondent, v. ALEXANDER AVILA, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE—INTERPRETER.—Where in a prosecution for rape the conviction was based almost solely upon the testimony of the prosecuting witness, it was error to refuse the request of the corroborating witness for the appointment of an interpreter, where the witness not only stated repeatedly that she did not understand the language in which the questions were asked, but an examination of the answers made by her showed that as to many of the questions she did not understand their meaning.

[2] ID.—COMPLAINT OF PROSECUTING WITNESS—STATEMENT OF NAME OF OFFENDER.—Where in a prosecution for rape the defendant not only denied the commission of the offense, but offered evidence which, if believed, clearly established an alibi, it was reversible error to permit evidence that at the time the prosecuting witness made complaint, she also stated that the offense was committed by the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank E. Dominguez, J. M'. Marmaduke, and William Thomas Helms for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

SHAW, J.—Defendant appeals from a judgment of imprisonment pronounced upon his conviction of the crime of statutory rape.

[1] The victim of the crime was a thirteen year old girl, who testified to the act of intercourse. For the purpose of corroborating her testimony, an aunt, Mary Foster, was called as a witness on behalf of the state. This witness, during her examination, repeatedly asked that she be accorded an interpreter, stating that she did not understand the questions asked her in the English language, which request was by the court denied until the latter part of the cross-examination, when it called an interpreter. Under section 1884 of the Code of Civil Procedure it is made the duty of the court to appoint an interpreter in those cases only where the witness does not understand or speak the English language. In each case the question is one for the judicial determination of the trial court; its ruling thereon will not be disturbed unless the record clearly shows an abuse of discretion. (*People* v. *Young,* 108 Cal. 8, [41 Pac. 281]; *People* v. *Morine,* 138 Cal. 626, [72 Pac. 166].) In the instant case, not only did the witness repeatedly state that she did not understand the language in which the questions were asked, but an examination of the answers made by her to questions propounded shows that as to many of them she did not understand or comprehend their meaning. Considering the character of the offense with which defendant was charged and the fact this his conviction was based almost solely upon the testimony of the child who was the victim of his alleged lust, the court should have called an interpreter in order that, in so far as the testimony was corroborative of that of the

prosecutrix, it should have been clear in meaning and to no extent left to the conjecture of the jury.

[2] It appearing that the prosecutrix had, immediately following the commission of the alleged offense, made complaint to her aunt, the latter on direct examination by the district attorney was interrogated as to whether the prosecutrix, at the time when she made such complaint, also told her the name of the party who had committed the offense. The questions and answers to which defendant's objection was overruled were as follows: ''Q. Did she tell you who it was that did this? A. Told what? Q. This act up there in the room that caused this torn— A. Yes. I told you she told me. Q. Whom did she tell you did it? Who was the man she told you did it? A. The little girl told me boy taken her—broken the clothes. Q. Did she mention the boy's name? A. Alex Avila. She told me one boy in uniform, the one boy in uniform call Alex. Q. I don't want you to tell us anything that the little girl did not tell you, but I want you to tell the jury if the little girl told you what this man did to her. A. There are some words that I cannot understand.'' Like evidence, over defendant's objection, was adduced from the officer who arrested defendant. In so ruling the court committed prejudicial error. In such cases, ''the true rule is to admit evidence of the fact of complaint in all cases, and in no case to admit anything more. The evidence, when restricted to this extent, is not hearsay, but in the strictest sense original evidence. When, however, these limits are exceeded, it becomes hearsay in a very objectionable form. There is every reason, therefore, why it should be admitted to the extent indicated, and none why it should be admitted further.'' (*People* v. *Mayes,* 66 Cal. 597, [56 Am. Rep. 126, 6 Pac. ·691]; 3 Greenleaf on Evidence, sec. 213.) In *People* v. *Wilmot,* 139 Cal. 103, [72 Pac. 838], it is said: ''It is clear that to allow any mere statement of the prosecutrix as to the details of the affair, or as to the name of the person accused by her, to be given in evidence would be to allow hearsay evidence to prove the offense.'' To the same effect, see *People* v. *Stewart,* 97 Cal. 238, [32 Pac. 8]; *People* v. *Barney,* 114 Cal. 554, [47 Pac. 41]; *People* v. *Lambert,* 120 Cal. 170, [52 Pac. 307]. That the testimony so given was not only erroneous but highly pre-

judicial appears obvious when considered in view of the fact that defendant not only denied the commission of the offense, but offered evidence which, if believed by the jury, clearly established an alibi. The attorney-general in his argument does not seek to justify the ruling, but contends that an examination of the entire record discloses that, notwithstanding the error, there was no miscarriage of justice, in which case he insists that under section 4½ of article VI of the constitution, the judgment should be affirmed. Whether or not the jury, in the absence of the incompetent testimony, would have believed the testimony of the child as against that of defendant and evidence offered in support of an alibi, we cannot say. At all events, we are of the opinion that, upon the record herein, said provision of the constitution should not be invoked in this case.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.