[Crim. No. 188. Fourth Appellate District.—February 17, 1936.]

THE PEOPLE, Respondent, v. BERT OWENS, Appellant.

Albert Peterson for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with forcible rape and, in a second count, with a violation of section 288a of the Penal Code. The jury found him guilty on both counts and the judgment provided that the two sentences should run concurrently. From that judgment this appeal is taken.

With respect to the first count it is contended that the evidence is not sufficient to sustain the verdict. It is argued that the prosecuting witness was subnormal mentally, that her testimony contained conflicting statements, that portions of it are incredible, and that it appears that she was acting under the domination of her father. The record fails to sustain any of these contentions to an extent that would justify a reversal. While the prosecuting witness may not have been a model of intellectual strength her testimony was clear and direct and indicates a considerable degree of intelligence, and the same was corroborated in many respects. It is further argued that the evidence fails to show resistance on her part to the extent and in the degree required by law. The offenses are alleged to have been committed in a lonely spot in Kern County, in a rolling country some distance from the nearest habitation. The prosecuting witness testified that she resisted to the best of her ability, that she tried to run away and was dragged back, and the court submitted the issue to the jury under proper instructions. In view of all of the circumstances, including the lonely location, we see no good reason for disturbing the jury's finding on this question of fact.

It is next contended that the court committed error in permitting the father of the prosecuting witness to testify as to a complaint made to him by her the first time she saw him after the offenses were committed. In particular, it is contended that this witness was permitted to give particulars of the complaint made by naming the appellant. The case of People v. Avila, 50 Cal. App. 228 [194 Pac. 768], is relied on in support of this contention. In that case the witness was specifically asked for the name of the person accused by the one making the complaint. In the instant case, an objection was sustained to a question as to the nature of the complaint made, on the ground that the question was too broad. The question was then asked: ''What was her complaint?''

No objection was made to this question and in reply thereto the witness voluntarily gave the name of the person accused. We find in this no sufficient ground for a reversal.

It is next claimed that the court erred in excluding the testimony of a certain witness. While this witness was testifying an objection was made and sustained. Counsel for appellant then said: "Just a little incident I wanted to show." The matter was then dropped and no offer of proof was made. It is not possible to tell from the record whether or not the matter excluded had any bearing on the case or was of any importance.

The last two points are also raised in connection with the conviction on the second count and require no further consideration. It is also urged, with reference to that count, that the prosecuting witness was an accomplice and that no corroboration appears. The court instructed the jury that corroboration was necessary. It is well settled that the corroboration which is required is not such as would establish all of the precise facts, but that it is sufficient if there be some evidence which, though slight, tends to connect the defendant with the commission of the offense. (*People* v. *Briley,* 9 Cal. App. (2d) 84 [48 Pac. (2d) 734].) A statement made by this appellant to one of the witnesses tended to connect him with the commission of the offense. It also appears that the appellant endeavored to get this witness to leave the state and that he threatened to shoot him if he came to the trial as a witness. Several other witnesses testified to seeing the appellant and the prosecuting witness going toward the place where the offense is supposed to have occurred and, under the circumstances appearing, it must be held that the corroboration was sufficient.

It is claimed that the district attorney was guilty of misconduct in saying, near the close of his address to the jury, "I know you are guilty; this jury knows you are guilty". It is argued that, in effect, the district attorney was allowed to give his conclusions from his own investigation without reference to the evidence produced in court. Not only was this statement not objected to or assigned as error (*People* v. *Harris,* 219 Cal. 727 [28 Pac. (2d) 906]), but we think the language used is not subject to the interpretation thus placed upon it. The district attorney had just finished summing up the evidence and after referring to the actions

of the appellant, as shown by the evidence, he made the remark in question. While the statement should not have been made, it seems impossible that the jury could have taken it otherwise than as referring to the evidence which had been produced in court and as meaning that the district attorney and the jury had acquired their knowledge from the same source, namely, the evidence.

The final point urged is that the district attorney committed prejudicial error by commenting on the fact that the appellant did not take the stand. The contention seems to be that the district attorney abused the privilege given by section 13, article I, of the Constitution of California, as amended in 1934. We have read the comments referred to, which seem to us to be well within the spirit and intent of the constitutional amendment.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.