[Crim. No. 523.    Fourth Appellate District.—October 3, 1939.]

THE PEOPLE, Respondent, v. CLIFTON DOZIER, Appellant.

Clifton Dozier, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant and his codefendant, Carl Fisher, were charged in an information filed by the district attorney of Kern County with the crime of robbery. Defendants were found guilty by a jury of the crime of robbery, which was fixed as robbery in the second degree. Appellant admitted the two prior convictions, and his motions in arrest of judgment and for new trial were denied. Appellant Dozier alone appeals from the judgment of conviction and from the order denying him a new trial.

Charles Jones, the victim of the robbery, a young man from the Arvin District, drove into Bakersfield with an acquaintance on New Year's day of this year, arriving early in the morning, about 6 o'clock. They went to a restaurant to get some coffee. After that, Jones and a Mr. Ragsdale, who was going to drive Jones back to Arvin, and another man with him, went back to the car which was parked on "L" Street somewhere in the vicinity of 20th Street. While they were at the car, appellant, a colored man, approached and tried to interest them in the purchase of a watch. His codefendant, Fisher, also colored, followed him and told appellant "not to give the watch away, he could sell it for $5.00 himself". While Mr. Ragsdale was looking at the watch, a Cherokee Indian boy came along and talked to Jones and asked the latter if he would buy him a drink. Jones and the Indian boy then walked off and went to a near-by drinking establishment where Jones bought them each a drink. Right after Jones walked away, appellant and his codefendant also left. When Jones and the Indian boy had had their drinks, they left the saloon and started back to the car. They walked down the street and then turned into an alley. As they turned into the alley appellant hollered at them and came up to them in the alley with his codefendant and asked if they would give him enough money to eat on. Jones had a $5 bill and a $1 bill in a billfold in his left hip pocket and a little change in his front right pocket. Jones said: "Well, let's go around to the restaurant, might rake up enough to eat on, I will feed you." As Jones then stepped forward, appellant stepped around in front of him and said: "You are going to give me that money or

am I going to take it?" Jones replied: "Well, if you get any money you will have to take it." With that, appellant hit him on the jaw and grabbed him by the throat and choked him and knocked him down. The Indian boy started toward them when Fisher, who had a knife in his hand, said: "Don't you go up there; I will cut you in two." The Indian boy then ran away and while appellant held Jones and scuffled with him, Fisher came up and took the billfold out of Jones' hip pocket and ran off. Then appellant gave Jones a shove and ran out of the alley. This took place about 9 A. M. on New Year's day. Later, the police found the watch that had been shown to Mr. Ragsdale and Jones that morning in a room at the Palace Hotel occupied by Dozier and Fisher, in an envelope addressed to Carl Fisher.

Appellant attacks the judgment and order of the trial court upon seven grounds, namely: 1. That the information upon which appellant was convicted does not charge the public offense of robbery and judgment based thereon is void *in toto;* 2. That the evidence is insufficient to sustain conviction and judgment; 3. That the district attorney prosecuting the case was guilty of prejudicial misconduct; 4. That the court misdirected the jury in matters of law; 5. That the court erred in refusing to give certain pertinent instructions to the jury as requested by the defendant; 6. That the court erred in failing to give certain instructions to the jury on general principles of law applicable to the facts of the case in evidence; 7. That the court erred in its decision upon the questions of law arising during the course of the trial. For the purposes of convenience we will dispose of these several grounds of attack in the same sequence.

1. The Penal Code, section 211, defines robbery as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

The charging portion of the information reads as follows: that they did "wilfully, unlawfully and feloniously take from the person, possession and immediate presence of one Charles E. Jones, six dollars, lawful money of the United States of America, and of the personal property of said person, which taking was then and there without the consent and against the will of the said person and was then and there

accomplished as aforesaid by means of force used upon and against the said person by the said defendant, and by then and there putting the said person in fear; . . . ''

█ Appellant contends that such information is insufficient in that (a) felonious intent is not charged; (b) ownership of property in another than appellant is not charged; (c) taking property of another against his will by means of force or fear is not charged; and (d) theft as an element is not charged. It is appellant's position that the element of ''felonious intent'' must be present and must be pleaded as such, and that the averment as contained in the information herein to the effect that appellant did ''feloniously take from the person of Charles E Jones'' is not equivalent to an averment of ''felonious intent'' as required. In support of this he cites *People* v. *Vice,* 21 Cal. 344; *People* v. *Jones,* 53 Cal. 58; *People* v. *Nelson,* 56 Cal. 77; *People* v. *Ammerman,* 118 Cal. 23 [50 Pac. 15] ; and various authorities from other states.

The customary form of information charging the crime of robbery followed the language of Penal Code section 211, defining the same, in alleging that defendants did ''feloniously take'' the property in question. Such form of information has, so far as our research discloses, never been questioned nor held insufficient; but on the contrary, such form of information with no other averment of felonious intent has been sustained by the court in such cases as *People* v. *Fallai,* 99 Cal. App. 297 [278 Pac. 449], *People* v. *Covington,* 1 Cal. (2d) 316 [34 Pac. (2d) 1019], and *People* v. *Voiler,* 2 Cal. App. (2d) 724 [38 Pac. (2d) 833].

█ Appellant's next contention is that the information is defective in that the ownership of the property taken is not charged to be in any person other than the appellant or defendant. In support of this appellant cites *People* v. *Vice, supra, People* v. *Nelson, supra,* and *People* v. *Rosen,* 11 Cal. (2d) 147 [78 Pac. (2d) 727, 116 A. L. R. 991]. In *People* v. *Vice, supra,* the information which merely charged that the defendant did take certain money from the person of another, naming such person, by force, threat and intimidation and against his will, was held insufficient as containing no allegation of the ownership of the property or that it did not belong to defendant. This particular point was not involved in *People* v. *Nelson, supra.* In *People* v. *Rosen,*

*supra,* the sufficiency of the information was not questioned nor passed upon by the court.

Appellant maintains that the statement in the information that the defendant took from the person of Charles E. Jones $6, lawful money, *and of the personal property of the said person,* is not an averment that such money was the personal property of Charles E. Jones, and that the words "said person" might refer to any of the four persons mentioned in the information, to wit, the district attorney, either of the defendants, or Charles E. Jones. He claims that the words "said person" in the context mentioned, can refer to any person other than the victim Charles E. Jones, especially in view of the statement further on in the same sentence that it was accomplished "by means of force used upon and against the *said person* by the said defendants". This is so obviously a strained construction that it does not merit consideration. From the language contained in the information that the defendants took from "Charles E. Jones Six Dollars ($6.00), lawful money of the United States of America, and of the personal property of the said person" there can hardly be any question but that the same expresses clearly that such money was the personal property of Charles E. Jones. It is likewise contended by appellant that what he claims regarding the lack of any averment in the information charging ownership of the property taken in some person other than appellant applies also to the alleged insufficiency of the information to charge the taking of the property against the victim's will and by means of force or fear. Presumably this contention is likewise based upon the claim that the term "said person" does not refer to Charles E Jones. What we have already said regarding the reference of the term "said person" to Charles E. Jones, applies with equal force here.

It is finally claimed that the information is fatally defective in that the element of theft is not charged and that the same must exist as the basis of the crime and appear fully and sufficiently charged in the information. This contention seemingly rests upon the claim already made that the information fails to charge that the money taken from Jones was his personal property or was at least the property of someone other than the defendant. The additional authorities cited by appellant, to wit, *People* v. *Hicks,* 66 Cal. 103 [4 Pac. 1093], *People* v. *Crowley,* 100 Cal. 478 [35 Pac. 84],

and *People* v. *Ball*, 204 Cal. 241 [267 Pac. 701], have little bearing and are of no aid to appellant's contention.

It will be noted that practically all of the authorities cited by appellant relative to the sufficiency of the information were decided prior to the amendment to sections 951 and 952 of the Penal Code in 1927. Under such amendment the court, in *People* v. *Hirschler*, 98 Cal. App. 499 [277 Pac. 170], sustained an information, the charging part of which merely alleged that defendant "robbed Alfred E. Couvier of one purse containing $44.80, more or less, lawful money of the United States, one California Diamond Jubilee 1925 one-half dollar, and one United States 1872 half dime". It was commented on by the court there that, as is the case in the instant action, no demurrer was interposed by defendant. This holding was followed in similar cases, such as *People* v. *Fallai*, *supra*, *People* v. *Sampsell*, 104 Cal. App. 431 [286 Pac. 434], and *People* v. *Summers*, 107 Cal. App. 250, 252 [290 Pac. 464]. Informations and indictments far less specific and considerably more open to criticism were sustained in *People* v. *Covington*, *supra*, *People* v. *O'Neal*, 2 Cal. App. (2d) 551 [38 Pac. (2d) 430], and *People* v. *Voiler*, *supra*.

The attitude of the court since such amendment in regard to the sufficiency of such informations and indictments is well expressed in *People* v. *Fallai*, *supra*, at pages 299 and 300. Under the 1927 and subsequent amendments to sections 951 and 952 of the Penal Code, it is sufficient in charging an offense if the statements thereof be made in any words sufficient to give the defendant notice of the offense of which he is accused. Certainly, in the instant case the wording of the information is sufficient to give the appellant ample notice of the offense of which he was accused.

█ 2. Appellant claims that the evidence is insufficient to sustain the conviction and judgment, basing his contention upon the ground that there is no direct testimony that he took the money, that if he did he was merely accepting the challenge of Jones to take it, that no force or fear was established by the prosecution, and that there is no evidence to show that the money which appellant is accused of taking belonged to Jones or that it did not belong to appellant.

The facts constituting the robbery are clear and uncontradicted. Jones, the complaining witness, testified that when he refused to give appellant his money, the latter stepped

around in front of him, hit him on the jaw, grabbed him by the throat and choked him and knocked him down, and the change in his pocket and the billfold with the $6 in currency in it was taken. On cross-examination, he said that he did not remember whether his money fell out when appellant hit him and got him down or whether appellant "just went in after it". It is quite evident that when appellant had Jones down beating and choking him, the latter could not truthfully say whether the money might have rolled out of his pocket or whether it was taken out. · However, there were two eye-witnesses to the robbery. Mr. Prior saw the scuffle between appellant and Jones, saw Fisher approach the latter and take something from Jones' back pocket. Mr. Johnson saw appellant strike Jones and knock him down and then while appellant held Jones he saw Fisher reach into the latter's pocket and take what looked like a billfold from Jones' rear pocket and run. Then appellant gave Jones a shove and also ran out of the alley. In the face of this clear and uncontradicted testimony, the appellant's contention that there was no evidence that any money was taken from the complaining witness, and, if so, that there was nothing to establish the element of force or fear, loses its character of legitimacy.

3. Appellant assigns various remarks made by the prosecuting attorney during his argument before the jury as prejudicial misconduct, and contends that the same warrant a reversal of the judgment. The first remark complained of in the course of the argument of the prosecuting attorney is as follows:

"You have Mr. Fisher and Mr. Dozier both refusing to take the stand, not taking the stand to deny the commission of this act, not saying 'I am guilty', not giving the ladies and gentlemen of the jury the benefit of hearing their testimony as to where they were and what they were doing, not exposing themselves to cross-examination. Does that appear to you the act of an innocent man on the part of either one of them?"

Since the amendment (in 1934) of article I, section 13, of the state Constitution and section 1323 of the Penal Code, as amended in 1935, the courts have upheld the right of courts and counsel to comment upon the failure of defendants to take the stand and either deny or explain evidence against them. In the present instance neither of the defendants took

the stand and their only defense was an attempted alibi presented by other witnesses. This is what occasioned the foregoing comment by the prosecuting attorney. The comments referred to seem to us to be well within the spirit and intent of the constitutional amendment. (*People* v. *Owens,* 11 Cal. App. (2d) 724, 728 [54 Pac. (2d) 728]; *People* v. *Swenson,* 28 Cal. App. (2d) 636, 641 [83 Pac. (2d) 70]; *People* v. *Zirbes,* 6 Cal. (2d) 425, 429 [57 Pac. (2d) 1319].)

■ Appellant next complains of remarks by the prosecuting attorney in his argument to the jury, which, in the main, are to the effect that if the jury is convinced of the guilt of the defendants that it should not turn them loose because it was only a $6 case or because it took place in a certain locality; that it was the duty of the jury if convinced of the guilt of the defendants not to turn them loose, for to do so would be to turn loose a person who would prey upon the public and endanger the public regardless of whom his victim was or where he found him. We do not believe that there can be any prejudicial misconduct in the prosecuting attorney admonishing a jury, in the event they believe a defendant guilty beyond a reasonable doubt, of the danger of acquitting him and turning him loose merely because of the persons involved in the crime or the locality in which it occurred or the amount of money involved. With respect to the alleged misconduct of the district attorney, it will be noted that as to the first charge of commenting on failure of the defendants to testify, that no objection was made whatsoever; while as to the second charge just discussed, though appellant did assign the remarks as prejudicial error and asked the court to declare a mistrial, no request was made of the court to admonish the jury to disregard the same. ■ The rule is thoroughly established in this state that even though misconduct did occur, appellant may not take advantage of the same upon an appeal unless at the time of the occurrence he assigns the same as prejudicial error and requests the court to admonish the jury with respect thereto. This principle of law is clearly set forth in *People* v. *Davidson,* 23 Cal. App. (2d) 116, 199 [72 Pac. (2d) 233]. (See, also, *People* v. *Chilcott,* 18 Cal. App. (2d) 583 [64 Pac. (2d) 450].)

We do not believe that either of the portions of the district attorney's argument complained of could reasonably be classed as misconduct. Certainly, they were not of that extreme character that the error could not be cured and the harmful result obviated by a timely admonition or instruction to the jury.

We have carefully read the other statements of claimed prejudicial misconduct of the district attorney. If there be any, they are certainly of such a minor nature that an admonition to the jury to disregard the same would have entirely removed any prejudice, and appellant in the complete absence of any request to the court to so admonish the jury, cannot now be heard to complain.

■ 4. Appellant complains of certain instructions numbered 3, 5, 12, 13, 14 and 15. We have examined these instructions carefully and it would serve no useful purpose to set them out in full here. They bear mainly on the appellant's theory that the information being defective and not constituting a proper allegation of the offense of robbery, the phrase used in the instructions, "as charged in the information" was erroneous, because, as appellant claims, the information did not state a public offense. We have disposed of that claim or contention and need not dwell upon it further. The trial court read the definition of robbery as set forth in section 211 of the Penal Code, and also read sections 211a, 212 and 31 of the Penal Code, which amply and correctly cover the subject-matter.

■ 5–6. Appellant complains of the failure and refusal of the court to give to the jury two instructions requested by him. The second of these is merely an instruction to the jury to return a verdict of not guilty and requires no reply under the evidence and result in this case. The other instruction requested deals with the failure of the defendant to take the witness-stand and testify. As neither of the defendants took the stand and testified, the facts in this case are applicable to the instruction requested. Such an instruction was pertinent, and defendant, under the circumstances here involved, was entitled to the same under the law as it stood prior to 1934. However, the constitutional amendment to article I, section 13, adopted in that year, and the amendments to the Penal Code, section 1323, have materially changed that law. While defendant still may not be compelled in a criminal case to be a witness against himself, his

failure to take the stand and to explain or deny by his testimony any evidence or facts in the case against him may now be commented upon by the court and counsel and may be considered by the court or the jury. Obviously, if such failure can so be commented upon and considered, he is not now entitled to an instruction to the jury that such failure "should not create a prejudice or unfavorable inference in the minds of the jury; no inference can be drawn against the defendant from his failure to testify". This instruction is directly contrary to the law as it now stands, and to give the same would in effect completely nullify the changes made by the amendments. As said by this court in *People* v. *Dukes*, 16 Cal. App. (2d) 105, 110 [60 Pac. (2d) 197]:

"The instruction, if given, would, in effect, have told the jury not to consider that which the Constitutional amendment authorized it to take into consideration."

▆▆▆ Appellant finally complains of the failure of the court to instruct the jury upon certain matters upon which he contends that it was the duty of the court to instruct, regardless of the failure of the defendant to request such instruction. His first contention is that the court failed to instruct the jury that every element necessary to constitute the crime of robbery must be established beyond a reasonable doubt. It appears from the record that the jury was fully and explicitly instructed upon every point here mentioned by appellant. ▆▆▆ The other two contentions in this regard by appellant are that the jury should have been instructed on the law "applicable to the crime of attempt to commit robbery" and "to the crime of assault". While it is the duty of the court in criminal cases to give of its own motion instructions on the general principles of law pertinent to the same, the defendant cannot complain of failure to instruct upon specific matters unless he has expressly requested such instruction. Among those matters necessitating a specific request for instruction on the part of a defendant is an instruction as to lesser degrees of the offense charged. The court is not required to give such instruction, unless expressly requested, and in the absence of such request, defendant cannot complain of the failure to give the same. (*People* v. *Montezuma*, 117 Cal. App. 125 [3 Pac. (2d) 370, 4 Pac. (2d) 285]; *People* v. *Welsh*, 7 Cal. (2d) 209, 211 [60 Pac. (2d) 124]; *People* v. *Ramirez*, 21 Cal. App. (2d) 466, 468 [69 Pac. (2d) 613].)

■ 7. After broadly asserting that all of the decisions and rulings of the court upon all of the questions of law mentioned were objected to, appellant confines himself specifically to the alleged error in admitting into evidence Exhibit No. 2 (a photograph). The picture in question represents the Palace Hotel, the place where the two defendants were rooming, and where the police officer found the watch. Its proximity to the place where the robbery occurred is established, and both of the defendants were seen entering the hotel and going up to their room a short time after the robbery occurred. Assuming that its materiality is questionable, nevertheless, the exhibit certainly is relevant and appellant does not and obviously cannot point out how he was harmed in the slightest by its admission.

It is difficult to find a record containing clearer or more convincing proof of the guilt of a defendant. The attempted alibi quite apparently made no impression upon the jury. A glance at the photograph of the complaining witness taken three days after the offense, shows the severity of the beating he received from the defendant in the perpetration of the robbery.

The record indicates that the appellant had a fair and impartial trial. The evidence is such that the jury was quite justified in returning the verdict of guilty as charged.

The judgment and order of the trial court are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 1, 1939.