[Crim. No. 2999.   Second Appellate District, Division One.—October 8, 1937.]

## THE PEOPLE, Respondent, v. A. B. C. DAVIDSON, Appellant.

Mark F. Jones, W. L. Englehardt and Gilbert B. Hughes for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant, charged in an information filed by the district attorney with the crime of rape committed February 27, 1937, on a fifteen year old girl, was convicted by a jury and sentenced to one year in the county jail. He appeals from the judgment and from an order denying a motion for a new trial.

Briefly, the evidence supports the following statement of facts: Since their marriage in 1929, appellant and his wife, and her two daughters by a former marriage, had made their home together in Los Angeles. The two stepdaughters of appellant, Jane and Garnet, at the time of the alleged offense, were aged fifteen and fourteen years, respectively.

On the night of February 27, 1937, defendant, appellant herein, after a late dinner, lay down on the davenport in his living room and went to sleep. His wife tried to awaken him when she went to bed, but failed to do so, and she told her daughter Jane to be sure and awaken him before she went to bed. Jane endeavored to do so but could not arouse him and she, too, went on to bed. Later, a little after 12 o'clock, Jane got up and went back into the living room and succeeded in awakening defendant. They talked for a few minutes and then defendant suggested that they go somewhere to eat. She put on her shoes and stockings and a long coat over her pajamas and they drove away in their automobile. According to Jane, she remonstrated with her stepfather about their not getting something to eat and her stepfather replied that there was no hurry and he continued

driving, whereupon Jane fell asleep. When she awoke they were out in the hills with no houses in sight. It is at this point that the alleged act of sexual intercourse took place on the back seat of the automobile. Jane said nothing regarding the occurrence until about March 15, 1937, when, in a heated argument with her stepfather in which she claimed he was persecuting her in connection with his continued criticisms of her delay, at various times, in getting home from school, she told him that if he did not keep out of the matter she would tell her mother about him, whereupon he undertook to chastise her with a "clothes stick". Jane's testimony regarding this was as follows: "I wanted to tell my mother, and he said he wouldn't let me alone with my mother, and then I said I would tell her right in front of him and then he started after me." At that point her mother appeared on the scene and told the defendant to leave Jane alone. In addition to the act of sexual intercourse upon which the offense is based, Jane testified that the defendant had been having sexual relations with her for about three years.

Dr. Gray, the examining physician of Juvenile Hall, testified that she made a physical examination of Jane on March 17, 1937, and found "the hymen ruptured and relaxed" indicating that "she probably had had sexual intercourse many times".

It is contended by appellant that the "testimony of the prosecutrix is highly improbable", but in that connection appellant does not contend that her testimony is not sufficient, as a matter of law, to support the verdict. For example, appellant's brief contains the following statement: "In discussing the testimony of the prosecutrix briefly, we are doing so merely for the purpose of pointing out more particularly its weaknesses and inconsistencies, and not with any contention that it is not sufficient as a matter of law to support the verdict of the jury." It is urged by appellant that the improbability of the testimony of the prosecutrix becomes important when considered in connection with the alleged misconduct of the district attorney and the alleged erroneous advice given by the court to the jury; in other words, that the alleged misconduct of the district attorney and the erroneous advice given by the court were especially prejudicial because of the inherent improbability of the testimony of the prosecutrix.

With regard to the claim that the court's advice to the jury was prejudicial, the record shows that, after having deliberated for a short time, the jury returned to the court for further instructions and informed the court that "There seems to be a question that there might have been others involved in affairs with this girl that have not been brought to light." To this the court replied: "There is nothing to indicate that any other person has been named or suspected. There is nothing to indicate that any other person has had any connection with this case, as far as the evidence is concerned. If such a thing exists it has been kept entirely secret from all of us." And in further response the court said: "If evidence is introduced in a trial of this kind, that is, physical evidence such as the evidence of Dr. Gray, which indicates that there has been an act of sexual intercourse or a number of acts of sexual intercourse, the defendant on trial has a right under the law to ask the girl on cross-examination whether she has had sex relations with any other person, either naming them or making it general. . . . . We haven't anything to go by. You have to be very careful not to allow anything that is not proven to influence you in arriving at a verdict. In other words, you must not speculate as to what might or might not have been." Appellant contends that this statement of the court,—referring to the right of defendant to cross-examine the prosecutrix,—was prejudicial because Dr. Gray testified after the prosecutrix had testified. The contention is without merit. The court's statement of the law was correct. The defendant had the right during the trial to recall the prosecutrix for further cross-examination, and, having neglected to do so, cannot now be heard to complain.

With respect to the alleged misconduct of the district attorney, it is conceded by the attorney-general that the remarks made by the former during the course of his argument to the jury, upon which the charge of misconduct is based, were improper, but it is pointed out that defendant made no request of the court to admonish the jury with respect thereto at the time such alleged misconduct occurred. The record reveals that defendant's counsel merely assigned the remarks as "prejudicial error". It is well settled that where, as in the case at bar, the alleged prejudicial remarks are of such a nature that their effect, if any, on the jury

could be cured by proper instruction of the court, it is the defendant's duty to request such an instruction. Defendant having failed to make such a request of the trial court, a reversal of the judgment based on such an alleged error, under the authorities, would be unwarranted.

In the case of *People* v. *Chilcott*, 18 Cal. App. (2d) 583 [64 Pac. (2d) 450], the following appears: "As was correctly stated in *People* v. *Podwys*, 6 Cal. App. (2d) 71, 74 [44 Pac. (2d) 377] : 'There can be no excuse for such comment.' To the same effect is the text of the decision in *People* v. *Edgar*, 34 Cal. App. 459, 469 [167 Pac. 891]. However, with respect to these statements, it must be observed that counsel for appellant did not request the trial court to admonish the jury to disregard them but as to each one rested content with an assignment of misconduct and the reservation of an exception thereto. It was the duty of counsel to have requested an admonition to the jury and we may not assume that the trial court would have refused a request to advise the jury that such remarks had no proper place in the prosecutor's argument and should be entirely disregarded." In a well-considered case on the subject the Supreme Court has declared: "However, it appears from the record in the case that the defendant made no objection to this comment of the district attorney, nor did he ask for any instruction from the court regarding the comment or requesting that the jury should be directed to disregard it. The law applicable to this subject was by a recent decision of this court declared as follows: 'Where the error is such that its effect would be obviated by an instruction to the jury to disregard it and no such aid is invoked, the error cannot be complained of on appeal. (*People* v. *Shears*, 133 Cal. 154 [65 Pac. 295]; *People* v. *Babcock*, 160 Cal. 537 [117 Pac. 549]; *People* v. *Wong Hing*, 176 Cal. 699 [169 Pac. 357]; *People* v. *Warr*, 22 Cal. App. 663 [136 Pac. 304]; *People* v. *Vaughn*, 25 Cal. App. 736 [147 Pac. 116, 117].) Inasmuch as the court was not once, during the course of the argument to the jury, requested to instruct the jury to disregard the improper statements of the district attorney, and such an admonition would, doubtless, have been sufficient to cure any effect the remarks might have produced, the claimed misconduct in argument cannot be considered on appeal.' (*People* v. *Nakis*, 184 Cal. 105 [193 Pac. 92].)

There is an exception to this well-recognized rule in cases where the comment is of such a character that the error could not be cured and the harmful result would not be obviated by a timely admonition or instruction to the jury. This exception applies only in extreme cases. . . . '' (*People* v. *West*, 215 Cal. 87, 95 [8 Pac. (2d) 463].)

■ Appellant's argument with regard to all of the alleged prejudicial errors is largely speculative, and, considered in the light of the record of the trial, does not warrant the conclusion that such alleged errors affected the verdict. Especially is this true with respect to the claim that the alleged errors were magnified by the improbability of the testimony of the prosecutrix. Such testimony may and probably does, in most cases, give rise to a difference of opinion, but by reason of that difference of opinion, it does not follow that the testimony is highly improbable. The jury saw the witness and heard her testify. Evidently she was given full credit as a witness and her testimony was believed, and the record presents no reason for disturbing the jury's implied conclusion in this respect or for disturbing the verdict.

■ The motion for a new trial, which was based upon alleged newly discovered evidence as well as upon the alleged errors hereinbefore referred to, was properly denied.

The judgment and the order appealed from are affirmed.

York, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 3, 1937.