[Crim. No. 1873.   Third Dist.   May 25, 1944.]

THE  PEOPLE,  Respondent,  v.  GEORGE  HAMILTON
GIBSON, Appellant.

George Hamilton Gibson, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener,
Deputy Attorney General, for Respondent.

THOMPSON, J.—The defendant was convicted by a jury
on two counts of an information which was filed against him

of the crimes of having in his possession and transporting without a prescription therefor preparations of morphine and codeine contrary to the narcotic statute of California. (Health and Saf. Code, § 11160.) From the judgment of conviction sentencing him to imprisonment in the county jail of Lassen County for the period of one year for each offense, to run concurrently, he has appealed.

The appellant contends that the verdicts and judgment are not supported by the evidence for the reason that it does not appear he knowingly had in his possession or transported the narcotics contrary to law.

■■■ The defendant is thirty-four years of age. He is a carpenter who formerly resided at Los Angeles. He is married to a woman who had been employed as a nurse in Good Samaritan Hospital and also in the office of two physicians in that city. He owned a Nash sedan automobile. In August he drove his car to Westwood, Lassen County, to obtain employment as a carpenter. His wife did not accompany him. On August 29th, the day of the alleged offenses, his machine was found parked on the paved portion of the highway near Westwood. He was then sitting in the car in a drunken stupor. In his car on the floor behind the front seat a small box was found, containing a labeled bottle of 150 one-fourth grain tablets of morphine, a vial in which there were 18 one-half grain tablets of codeine, a hypodermic syringe and two needles, a bottle of potassium permanganate, a bottle of aromatic spirits of ammonia, and other drugs and apparatus. The morphine and codeine tablets were analyzed and found to contain opium derivatives. It was conceded that neither the defendant nor his wife had procured prescriptions for the narcotics. When the defendant was arrested and charged with the unlawful possession of those narcotics he falsely told the deputy sheriff he was a graduate of the University of Iowa Medical School, and had a right to use the narcotics. He later admitted he was not a graduate physician, and that he had procured no prescriptions for the narcotics. He then admitted his first story was false, but claimed that the kit containing the narcotics belonged to his wife. He admitted he once used one of the drugs in the hypodermic syringe for emergency relief of an injured man at Panemenius, and that he had used them ''on a few people'' in emergency cases in Los Angeles. When asked if he had ever used the contents

of the box he replied, "Yes, I used the merthiolate down to Ackerman's" Boat Company in Newport, where he worked. He carried the kit in his car, and knew it was there. He finally said that his wife put the narcotics in the box, and stated that he first falsely told the officer that he was a registered physician and had a right to use the drugs because he was "scared" and did not wish to involve his wife in the transaction.

Mrs. Gibson, his wife, testified that she was a registered nurse and that she collected the drugs from unused narcotics returned by patients of the physicians by whom she was employed; that she did not procure them with prescriptions. She first told Inspector Hill that she "knew nothing about the narcotics in his [her husband's] possession" and that he would have no reason for having narcotics in his possession. There is no evidence that the defendant was a narcotic addict.

Upon the foregoing evidence the jury found the defendant guilty of both charges of the information. The findings and judgment are adequately supported by the evidence.

■ Guilty knowledge and intent to violate the law may be shown by the facts and circumstances of the case, including the conduct of the defendant and any false or misleading statements which he may make to the arresting officers or others with relation to the material facts. (*People* v. *Rose,* 26 Cal.App.2d 513 [79 P.2d 737]; *People* v. *Singh,* 136 Cal. App. 233, 240 [28 P.2d 416]; 8 Cal.Jur. 33, §§ 151-157; Pen. Code, § 21.) The false statements made by the defendant to the deputy sheriff regarding his right as a licensed physician to use the narcotics furnish some evidence of his consciousness of guilt of the crime with which he was charged. In 8 California Jurisprudence, section 157, it is said in that regard:

"Any conduct of a defendant subsequent to the commission of the crime with which he is charged which indicates a consciousness of guilt is relevant and admissible against him. It is elementary that efforts to manufacture testimony, or to suppress testimony against himself, are properly proved as indicating a consciousness of guilt. Thus it may be shown that the defendant made false statements for the purpose of misleading or warding off suspicion."

■ The evidence in this case shows possession, transportation and use of the narcotics by the defendant. It was the

sole province of the jury to determine the weight and sufficiency of the evidence and the credibility of the witnesses and to apply any reasonable inferences which may be drawn from the facts and circumstances of the case. With that province we may not interfere. (*People* v. *Latona,* 2 Cal.2d 714, 725 [43 P.2d 260].)

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.