[Crim. No. 2330.   Third Dist.   Mar. 4, 1952.]

THE PEOPLE, Respondent, v. LEO EVERETT TOLSON, Appellant.

Gray & Hewitt for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Wallace G. Colthurst, Deputy Attorneys General, for Respondent.

ADAMS, P. J.—Appellant Tolson was charged with and convicted by a jury of a violation of section 261 of the Penal Code, in that, with force and violence, and against her will, he accomplished an act of sexual intercourse with a Mrs.

S. who was not then his wife. He admitted the act of intercourse, but contends that it was accomplishehd without force or violence, and with the consent of Mrs. S., which she denied.

As grounds for reversal appellant asserts that prejudicial error was committed by the trial court in allowing testimony of the conduct of defendant toward three other women in a bar in the afternoon just prior to the offense against Mrs. S.; that there was reversible error in the introduction by the district attorney and the allowance by the court of statements made by defendant shortly after his arrest; and that the district attorney, in his argument to the jury, made a statement that was prejudicial to defendant.

██ The evidence shows that the offense of which appellant stands convicted occurred about 5:30 p. m.; that around 3 o'clock of that day appellant entered the Forest Club in Forbestown where he seated himself beside a Mrs. G., a total stranger, began a conversation with her, and asked if he could not take her home, and when she refused asked her to take a ride with him, which she also refused. He then approached two other strange women, asking each one of them if she would not go with him. To avoid him the three women finally moved to a corner table, together, but he followed them and continued his attentions, during which time he pinched one of them on the buttocks. The bartender ordered him to leave, which he did about 4:30 or 5 p. m., after some expostulation.

Defendant's counsel objected to evidence of the aforesaid circumstances, but the objection was overruled, at which time the court instructed the jury that such testimony was admitted solely and only for the purpose of showing, if it did show, the frame of mind or a design or a common purpose on the part of defendant in connection with the offense with which he was charged. On a motion by defendant to strike the foregoing testimony the court again said:

". . . If your argument is sound, the Jury will agree with you. You admit that he had an act of sexual intercourse with the complaining witness, and as you say, the sole issue is whether it was accomplished by mutual agreement between them or whether it was accomplished by the use of force. That is the issue as I take it; however, I see no harm in this testimony, and I think it is material to show possibly a design or common purpose or something of that sort."

Obviously defendant's conduct toward the women in the Forest Club was suggestive of purpose and design on his part, and we are of the opinion that it was not inadmissible. See *People* v. *Peete,* 28 Cal.2d 306, 314, 315 [169 P.2d 924] ; *People* v. *Nye,* 38 Cal.2d 34-37 [237 P.2d 1] ; *People* v. *McMonigle,* 29 Cal.2d 730, 743-744 [177 P.2d 745] ; *People* v. *Dabb,* 32 Cal.2d 491, 499 [197 P.2d 1] ; *People* v. *Zatzke,* 33 Cal.2d 480, 483 [202 P.2d 1009] ; *People* v. *Coefield,* 37 Cal.2d 865 [236 P.2d 570] ; *People* v. *O'Brand,* 92 Cal.App.2d 752, 754 [207 P.2d 1083] ; *People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480] ; *People* v. *Boyd,* 95 Cal.App.2d 831, 833 [213 P.2d 724]..

As to the evidence regarding statements of defendant, it shows that after his arrest the evening of the day of the offense, defendant denied that he visited the S. house at all; and after his arrival at Marysville, where he was taken to the sheriff's office, he made a statement, which was written and signed, that he had visited the Forest Club, and after leaving same his car got stuck; that he was drunk and did not know whether he raped a woman or not; that he could not remember because he was drunk; that he did not admit the rape or deny it. But at the trial his memory seemed to clear. He testified that he went to the Forest Club and there saw Mrs. G. and some other women, all of whom were strangers; that after leaving the club his car became stuck in the mud, and that he went to the S. house where Mrs. S. was standing in the yard near two dogs; that he asked her if there was anyone there that could help get his car out, and she said there was not; that they then discussed sexual intercourse; that a child in the house started to cry and he followed Mrs. S. into the house; and that after that they had intercourse. He stated that he did not use force, did not tell her he would kill her, and did not strike her. He admitted that he told the sheriff the things contained in the statement he made to the sheriff.

Under these circumstances it cannot be said that it was error to admit testimony regarding the prior statements and denials made by defendant. They were admissible as tending to show consciousness of guilt, under the authority of *People* v. *Walker,* 99 Cal.App.2d 238, 243 [221 P.2d 287] ; *People* v. *Gibson,* 64 Cal.App.2d 537, 539 [149 P.2d 25], and *People* v. *Turner,* 86 Cal.App.2d 791, 801 [195 P.2d 809].

As for appellant's third assignment of error, the statement of the district attorney to which exception is now taken

related to the testimony of Mrs. S. It was: "Now ladies and gentlemen, I feel that her testimony was sincere, it has been checked out and double checked. These cases are very, very thoroughly investigated, you don't just issue a rape complaint against a man because you are putting a black mark on his character when you do so. You don't accuse an adult of a sex act until you are sure. I can't offer you any other eye witness, that is for sure. All you can do is take the evidence as it has been presented here today. We had other witnesses but they didn't show up. Of course they would be regarding what happened in the afternoon in the bar. Now ladies and gentlemen, on the basis of the testimony given here, I do not feel that this was a voluntary act and I do feel that he used the force, he used the threats."

█ No objection to the argument of the district attorney was made nor was it charged as misconduct, nor was any request made for an instruction to the jury to disregard it.

In *People* v. *Sampsell,* 34 Cal.2d 757, 763 [214 P.2d 813], wherein the prosecutor went rather far afield, in affirming the conviction and death sentence the court said:

"The defendant, however, made no attempt to object to these remarks during the course of the trial, nor was the court requested to admonish the jury concerning them. It would appear that such an objection and request should have been made."

And in *People* v. *Codina,* 30 Cal.2d 356, 362 [181 P.2d 881], the court said:

"Moreover, defendant made no attempt to correct these alleged improprieties at the trial; and it is the general rule that any objectionable remarks or argument of the prosecuting attorney must be opposed at the time they are made, and the court requested to admonish the jury concerning them, before they can be made a ground for appeal."

Also see *People* v. *Shears,* 133 Cal. 154 [65 P. 295]; *People* v. *O'Brand, supra*; *People* v. *Harmon,* 89 Cal.App.2d 55, 61 [200 P.2d 32]; *People* v. *Tucker,* 88 Cal.App.2d 333, 334 [198 P.2d 941]; *People* v. *Hunter,* 49 Cal.App.2d 243, 250 [121 P.2d 529]; *People* v. *Dozier,* 35 Cal.App.2d 49 [94 P.2d 598]; *People* v. *Davidson,* 23 Cal.App.2d 116 [72 P.2d 233].

The testimony of Mrs. S. regarding defendant's use of force and threats in accomplishing his act was clear and convincing, and amply supports the verdict. It was for

the jury, and the trial court on motion for a new trial, to weigh the evidence and resolve the conflict between her testimony and that of defendant, and this court finds no reason for a different conclusion.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied March 18, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.