[Crim. No. 4746.   Second Dist., Div. Two.   May 23, 1952.]

THE PEOPLE, Respondent, v. THELMA JACOBS,
Appellant.

Olin N. MacKay and Max Tendler for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller,
Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of manslaughter
after trial before the court without a jury, defendant appeals.
The case was submitted to the trial court on the transcript

of the testimony taken at the preliminary hearing which disclosed the following facts:

About 6 p. m. on the night of May 30, 1951, Mr. and Mrs. Loomis Burlingame went to defendant's home where the Burlingames, defendant and her husband, Henry Jacobs, played cards and drank intoxicating liquor until about 8:30 p. m. There were no unusual arguments.

The Burlingames then went into the kitchen with defendant to get ready to leave and when they turned around Mr. Jacobs, who had been sitting in an armchair in the living room, was lying on the floor in that room, intoxicated. As the Burlingames left, Mrs. Burlingame walked around Mr. Jacobs and Mr. Burlingame stepped over him saying, "I won't step on you," to which Mr. Jacobs made no reply.

Defendant accompanied her guests to their car and after bidding them good night returned and reentered the house. She had been drinking and was under the influence of liquor.

Mr. Oliver, who lived opposite the Jacobs family, arrived home shortly before 8:30 p. m. the same evening. He heard loud talking which sounded like an argument among three or four people in the Jacobs' residence. At approximately 9 p. m. defendant entered Mr. Oliver's house and said, "I stabbed Henry, come help me." Mr. Oliver called the police and then went to the Jacobs' house where he found Mr. Jacobs lying on the floor near the front door. He saw a knife in the room.

Shortly thereafter the police arrived and defendant stated to them she had stabbed her husband but "I didn't mean it, I didn't mean it." A police officer asked her where the knife was and she pointed to a butcher knife with a six-inch blade lying on the arm of a sofa at the east end of the living room. The blade of the knife was contaminated with human blood, fatty tissue and skin. The knife was one she kept in a drawer in the kitchen. Later she told the police officers she had been drinking and did not remember what had happened.

Decedent had a horizontal wound in the back just to the left of the backbone under the left shoulder blade, and the autopsy showed he died as a result of it.

*Question: Was there substantial evidence to sustain the trial court's finding that defendant was guilty of manslaughter?*

*Yes.* Defendant contends that the prosecution having presented as a part of its case the statement of defendant that

she did not mean to hurt her husband is bound by such evidence in the absence of proof to the contrary. (*People* v. *Toledo,* 85 Cal.App.2d 577, 581 [193 P.2d 953].) Therefore she argues there is an absence of proof that defendant was guilty of manslaughter because there is no evidence the homicide was (1) voluntary—upon a sudden quarrel or heat of passion, or (2) involuntary—in the commission of an unlawful act, not amounting to a felony or the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection. (See Pen. Code, § 192.)

The rule that statements introduced by the prosecution at the trial of a defendant which justify a homicide are binding in the absence of proof to the contrary, has been further construed in *People* v. *Salaz,* 66 Cal.App. 173 [225 P. 777], wherein the court said at page 181 [1], "No presumption of guilt weighed against the presumption of innocence. 'Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, *unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable.'* (Pen. Code, § 1105.)

"But it does not necessarily follow that appellant's account of the killing, though uncontradicted by direct evidence, should control the jury. If there be any well-established circumstance in the case which may reasonably be regarded as incompatible with the theory of the defense that the killing was justifiable, then the jury, from a consideration of all the evidence, was warranted in finding that the act amounted to an unlawful homicide."

Under the foregoing rule the question presented is: Does the record furnish evidence of any circumstances which cannot reasonably be reconciled with the theory that defendant did not intend to stab her husband? It certainly does.

At the time defendant's guests left, decedent was lying on the living room floor in an intoxicated condition. After defendant announced she had stabbed her husband his body was found on the living room floor, in a position different from the one he had been in when the guests left, with a stab wound in his back from which he died. A butcher knife contaminated with blood, fatty tissue and skin, which de-

fendant said was kept in the kitchen was found in the living room.

From this evidence the conclusion can reasonably be drawn that defendant secured the knife and plunged it into his back as he lay recumbent on the floor. Thereafter she went to her neighbor's and said she had stabbed her husband. Ten minutes later she stated to police she had stabbed him. Subsequently she told the officers she did not remember what had happened.

From this evidence the judge could have reasonably concluded that after defendant had admitted stabbing her husband, she later made the statement to the police that she did not intend to do it in a deliberate attempt to exculpate herself. This conclusion is further supported by her subsequent statement that she did not remember what had happened. The statement that she did not intend to stab her husband is inconsistent with her statement that she did not remember what had happened and shows a consciousness of guilt of homicide and justified the trier of fact in disbelieving her statement that she did not intend to do it. (*Cf. People* v. *Garcia,* 2 Cal.2d 673, 679 [42 P.2d 1013]; *People* v. *Gibson,* 64 Cal.App.2d 537, 539 [2] [149 P.2d 25].)

From the foregoing it is apparent the evidence justified the inference from defendant's testimony and her inconsistent statements that she was not to be believed when she said she did not intend to hurt her husband, and that she either (a) deliberately stabbed him, or (b) in handling the butcher knife she failed to use due caution or circumspection. In either event she would be guilty of homicide. (*Cf. People* v. *Searle,* 33 Cal.App. 228, 231 [164 P. 819].)

Affirmed.

Moore, P. J., and Fox, J., concurred.