[Crim. No. 5907.   In Bank.   Oct. 19, 1956.]

THE PEOPLE, Respondent, v. OSCAR HAMPTON, Appellant.

Oscar Hampton, in pro. per., and Robert L. Bostick, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, John S. McInerny, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and Edward L. Merrill, Deputy District Attorney, for Respondent.

McCOMB, J.—Defendant appeals from a judgment of guilty after a trial before a jury of violating section 11500

of the Health and Safety Code (the unlawful sale of narcotics, to wit, marijuana). He also appeals from the order denying his motion for a new trial.

## QUESTIONS

■ *First: Was defendant denied a speedy trial as guaranteed him under article I, section 13, of the California Constitution?*

*No.* The record discloses that an information was filed against defendant on June 17, 1955, and that the trial was completed July 7, 1955. It is thus apparent that defendant was tried well within the 60-day period specified in section 1382 of the Penal Code.*

■ *Second: Was there substantial evidence to sustain the verdict of guilty?*

*Yes.* A federal narcotics agent testified in detail to the purchase from defendant of a quantity of marijuana, the transaction taking place in the agent's presence. This testimony, which was believed by the jury, constituted substantial evidence to sustain the verdict.

*Third: Did the deputy district attorney commit prejudicial error in his argument to the jury?*

*No.* During the course of the prosecutor's argument to the jury he said: "May it please the Court; Ladies and Gentlemen of the Jury. It now becomes my privilege to make you the final argument. Right off I want to say I am not throwing in the sponge, as Mr. Casalina led you to believe. I think this man is guilty; I don't think that he is just a little pusher; I think he is a supplier; and I think he is guilty of this offense.

"Now Mr. Casalina said the guilty man has pleaded guilty, so it is all washed up and we ought to know it. That is not true, Ladies and Gentlemen of the Jury. I wouldn't be standing here telling you that if I didn't believe it. It is my duty as a Deputy District Attorney to only prosecute the people that I believe are guilty. In this case I sincerely believe Mr. Hampton is guilty."

■ The rule is established that unless the harmful results of misconduct of the district attorney cannot be obviated by

---

*Section 1382 of the Penal Code reads in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the finding of the indictment, or filing of the information. . . ."

appropriate instructions of the trial court, error cannot be predicated in this court on such alleged misconduct in the absence of (a) assignment of such misconduct as error; and (b) a request to the trial court to instruct the jury to disregard it. (*People* v. *Sampsell,* 34 Cal.2d 757 at 764 [214 P.2d 813]; *People* v. *Byrd,* 42 Cal.2d 200 at 208 [3] [266 P.2d 505]; *People* v. *Tolson,* 109 Cal.App.2d 579 at 582 [3] [241 P.2d 32].)

In the present case the foregoing rule is applicable. An examination of the entire record shows that the acts complained of are of such a character that an objection thereto and an instruction from the trial court to the jury to disregard the alleged misconduct would have obviated any prejudicial effect that the alleged improper remarks might have had.

Therefore, since the record fails to show that defendant either objected to the alleged misconduct or requested the trial court to instruct the jury to disregard it, defendant may not urge the alleged error as prejudicial in this court.

The judgment and order are affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.