[Crim. No. 3531. First Dist., Div. Two. Jan. 26, 1959.]

THE PEOPLE, Respondent, v. JULIO MARCALLI CRUZ et al., Appellants.

*Assigned by Chairman of Judicial Council.

Peter M. Nakahara, under appointment by the District Court of Appeal, for Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found both defendants guilty of kidnapping (Pen. Code, § 207) and of rape (Pen. Code, § 261, subd. 3). They appeal from the ensuing judgment.

At about 1 o'clock a. m. defendants seized prosecutrix upon a public sidewalk in San Jose, placed her in their car, and drove about for some time. Each then accomplished an act of sexual intercourse with her, while the other forcibly held her. Some portions of the testimony of appellants suggest that prosecutrix did not object either to being placed in the car or to the acts of intercourse. However, there is ample testimony to support the implied findings of the jury against appellants upon these issues.

The sole contention on appeal is that the trial court erred in admitting testimony as to an event shortly preceding the seizing of prosecutrix. This evidence indicates that at about 11:30 o'clock the same night defendants, in their automobile, followed a car driven by an unaccompanied woman (not the prosecutrix) from a point in downtown San Jose for a considerable distance. When this car turned into a lonely road outside the city, defendants twice attempted to block its progress by forcing it off the road. The woman driver was able to maneuver her car away, and drove to a fire station where she summoned help and frightened defendants away. This evidence was admitted over objection, and the jury was admonished that it was admitted "solely . . . for the purpose of showing, if it does show, the frame of mind or a design or a

common purpose on the part of the defendants in connection with the offense with which they are charged.''

Appellants point to *People* v. *Cassandras,* 83 Cal.App.2d 272 [188 P.2d 546], and like cases, for the rule that a similar offense may be proven only when its circumstances closely parallel those of the offense currently charged. That rule is clear, and it seems likely that the incident of 11:30 p. m. is not admissible as a ''similar offense'' in the strict sense. However, it might well show a frame of mind or intent which could be inferred to have continued to, and have direct bearing upon, the occurrence at 1 a. m. (see *People* v. *Tolson,* 109 Cal. App.2d 579 [241 P.2d 32]). Although the issue is not directly argued on appeal, the real question is whether the acts of 11:30 and following do connote an intent to kidnap a woman for purpose of rape. This point may, on all the evidence, be fairly debatable. However, we do not find it necessary to detail the testimony to explore this question, since we are satisfied that the admission of the evidence, even if error, was not prejudicial.

Two confessions by defendant Cruz and one by defendant Ortiz had been recorded and were played to the jury. There was testimony of still other admissions by defendants. Their own testimony on the witness stand was weak. In view of the overwhelming evidence of guilt, it is clear that appellants could have suffered no prejudice by reason of the testimony as to the events preceding the offenses charged. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

Judgments affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 25, 1959.