[Crim. No. 7564.   Second Dist., Div. Three.   Nov. 21, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. JOE MILTON MARTELL, Defendant and Appellant.

Miller & Malone for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman Gregory Taylor, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Defendant Joe Milton Martell and Charles Bristow Matthews were charged in an information with robbery and two counts of attempted robbery. They were further charged in an amended information, by two additional counts, with assault with a deadly weapon.

Both defendants pleaded not guilty. In a jury trial in which they were represented by private counsel they were found guilty of two counts of attempted armed robbery in the first degree, and not guilty of the robbery and assault with deadly weapon counts.

The motion for a new trial and application for probation of Martell were denied. He was sentenced to the state prison. He appeals from the "sentence" (judgment), and from an order denying probation.

Martell's first contention is that the evidence was insufficient to sustain his conviction. We find no merit in this contention.

Two elements are essential to an attempted crime, namely, a specific intent and an ineffectual overt act directed at its consummation. The intent of any person at the time of his attempt to offend the state is a question of fact. It may be inferred from the circumstances in evidence. (*People* v. *Gibson*, 94 Cal.App.2d 468, 471 [210 P.2d 747].)

There was evidence that defendant was one of three men identified as having approached a parked car containing three persons at 2 a. m. on May 13, 1960, on 31st and St. Andrews Place in Los Angeles. They demanded that the occupants open the doors of the car. One of the men said something about the occupants giving the men their money. Both of defendant's companions were armed. When Mrs. King, the driver, attempted to start the car, one of Martell's companions smashed a window of the car with the butt end of his pistol. After Mrs. King started the car and attempted to drive away, the defendant and his companions ran to a Studebaker car parked across the street.

The test on appeal to determine the sufficiency of the evidence against defendant is whether in light of every fact reasonably deducible from the evidence, tending to support the judgment, there appears sufficient evidence to justify the conclusion reached in the court below.

Defendant and Matthews were identified by Mrs. King at the trial as the men who demanded she open the door on the night in question. She also described the clothing defendant was wearing and the fact that he had a mustache. She testified that she had identified defendant and Matthews from among a group of Negroes in a police line-up and that she had no difficulty in picking them out from the others. While Miss Grayson, also an occupant of the car, was not able to identify defendant she was able to identify his companion, Matthews. As the women drove away they observed the color and apparent age of the Studebaker car. Miss Grayson wrote down from the license plate *GMB 7* but could not get the entire number. The women then drove around the neighborhood for some 15 minutes and while they were stopped a Studebaker went by, which they recognized as the one the three men had entered after the attempted robbery. Taking the complete number of the car the women drove about until they encountered a police officer, to whom they gave the license

description and a description of the men. This led shortly to the arrest of the defendants. Martell testified that he and Matthews were together in his Studebaker at the time of the commission of the crime. Its license was GMB 752.

It was not necessary that defendant be absolutely identified by all the occupants of the car. It was sufficient that defendant was positively identified by Mrs. King. (*People* v. *Shaheen,* 120 Cal.App.2d 629, 636 [261 P.2d 752].)

The testimony of the People's witnesses was adequate proof of the commission of the crimes of which Martell and Matthews were convicted. (*People* v. *Robinson,* 180 Cal.App.2d 745 [4 Cal.Rptr. 679].) The additional factual question was merely one of identification of Martell. Mrs. King was positive in her identification of Martell at the trial. The fact that Miss Grayson got a substantial part of the license number of Martell's car and that both women recognized the make and color of it added greatly to the other evidence of identification. It would be impossible for this court to say that the identification of Martell was legally insufficient.

Because of the fact that defendant's companions were armed it was not necessary to show that defendant was armed. (*People* v. *Stevens,* 32 Cal.App.2d 666, 669 [90 P.2d 595].)

Defendant next contends that the court erred in striking out his testimony of a statement he made in the course of a conversation with a police officer. Officer Medlock testified on direct examination as to statements made to him by defendant during the course of their conversation. On direct examination of defendant, he was asked about the conversation with the officer. He stated: "I asked him were they serious about trying to involve us in some robbery or something." Upon objection the court struck the answer as being hearsay and immaterial to the issues of the case. The testimony should have been received as a part of the conversation, but the error was not prejudicial. Officer Medlock testified that defendant consistently denied having any part in the offenses.

The judgment is affirmed. The purported appeal from the order denying probation is dismissed.

Vallée, J., and Ford, J., concurred.