[Crim. No. 13905.   Second Dist., Div. One.   Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE LOGAN, Defendant and Appellant.

268

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of attempted robbery.

In an information filed on March 23, 1967, defendant was charged with attempted robbery in that he did on February 23, 1967, attempt to take personal property from the possession and immediate presence of Russell D. Brown. Defendant pleaded not guilty. It was stipulated on May 18, 1967, that the cause be submitted upon the testimony in the transcript of the proceedings had at the preliminary hearing. Defendant testified in his own behalf. Defendant was found guilty on May 18, 1967, of attempted robbery as charged. On June 9, 1967, probation was denied and defendant was sentenced to the state prison for the term prescribed by law, the term to run concurrently with any other sentences which defendant was serving. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: on February 23, 1967, at about 12:45 a.m., defendant and another person entered the taxicab operated by Russell Brown at or near Avalon and Vernon Streets. Defendant and his companion directed Brown to drive them to 1837 South Central Avenue and to park on the northwest corner of Washington Street and Central Avenue. When the taxicab came to a halt, defendant seized Brown around the neck and demanded of Brown that he deliver over his money. Defendant said, "We want money" and "Give me your money" and threatened bodily harm if they did not get the money. Defendant's companion left the taxicab and stood outside watching the episode above related. Brown told defendant to remove his hands from him and defendant then jerked Brown back over the seat, doubling his fist and threatening Brown. Brown jerked loose and jumped out of the taxicab. Defendant came at Brown with clenched fist and Brown readied to defend himself. Defendant's companion ran and defendant then backed away and then ran from the scene.

Appellant now asserts that he did not receive a "speedy trial" and that the evidence was insufficient to support the judgment.

■ The record as heretofore recited sets forth that defendant's trial took place on the 56th day following the filing of the information. In other words the trial was had within the time mentioned in section 1382, Penal Code. (See *People* v. *Hampton,* 47 Cal.2d 239, 240 [302 P.2d 300]; *Hughes* v. *Heinze* (9th Cir.) 268 F.2d 864, 866.)

Furthermore in this case the defendant has made his first complaint about the lack of a speedy trial on this appeal. ■ The right must be asserted in the court when the trial is pending and prior to the start of a trial. ■ In no event could appellant in this case show any prejudice under the circumstances. (See *People* v. *Wilson,* 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452].)

■ The intent of a person to commit a crime at the time of an attempt may be inferred from the circumstances of the case. (*People* v. *Gibson,* 94 Cal.App.2d 468, 471 [210 P.2d 747]; *People* v. *Subia,* 239 Cal.App.2d 245, 251 [48 Cal.Rptr. 584]; *People* v. *Martell,* 197 Cal.App.2d 195, 197 [16 Cal. Rptr. 918]; *People* v. *Quicke,* 61 Cal.2d 155, 158 [37 Cal.Rptr. 617, 390 P.2d 393].)

■ Under the circumstances of this case it is clear that defendant attempted to rob Brown.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.